# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1594V
(Unpublished)

| | |
|---|---|
| ROBERT ROBINSON,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Special Master Katherine E. Oler<br><br>Filed: October 1, 2019<br><br>Petitioner's Motion for a Decision;<br>Dismissal of Petition; Vaccine Act. |

*Maximillian J. Muller*, Muller Brazil LLP, Dresher, PA, for Petitioner.
*Christine M. Becer*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On October 24, 2017, Robert Robinson ("Petitioner") filed a petition[2] for compensation under the National Vaccine Injury Compensation Program,[3] alleging that he suffered from left shoulder pain and other related injuries as a result of the influenza vaccination he received on September 16, 2016. Pet. at 1, ECF No. 1. Petitioner filed his statement of completion on February 21, 2018. ECF No. 12.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] This petition was initially assigned to Chief Special Master Dorsey and was re-assigned to my docket on September 28, 2018.

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On August 21, 2018, Respondent filed a Rule 4(c) Report. Resp't's Rep., ECF No. 18. Respondent stated that Petitioner "fail[ed] to establish by preponderant evidence that the vaccine administration caused [P]etitioner to suffer SIRVA." *Id.* at 6. Respondent concluded that "[P]etitioner is not entitled to compensation." *Id.* at 7.

I held a status conference via telephone with the parties on March 29, 2019 to discuss how Petitioner wanted to proceed. Following the call, Petitioner was given an opportunity to file an expert report in support of his claim by May 28, 2019. *See* 3/29/19 Scheduling Order, ECF No. 22. On May 28, 2019, Petitioner moved for an extension to file his expert report until July 29, 2019. ECF No. 23. I granted his motion. *See* 5/28/19 Non-PDF Order. On July 29, 2019, Petitioner filed a status report indicating that he "has been unable to retain an expert in this matter" and requested thirty days to file a subsequent status report informing the Court how he wished to proceed. ECF No. 24. On August 29, 2019, Petitioner moved for an extension until September 27, 2019 to file his status report or a motion to dismiss. ECF No. 25.

Petitioner filed the instant motion to dismiss his claim on September 30, 2019, indicating that "[an] investigation of the facts and science supporting his case demonstrated to [P]etitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." *See* Pet'r's Mot., ECF No. 26.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed. Section 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
