# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 18, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| ROBERT ROBINSON, | * | |
| | * | |
| Petitioner, | * | No. 17-1594V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner;
*Christine M. Becer*, United States Dep't of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 24, 2017, Robert Robinson ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 to -34 (2012). Petitioner alleged that he suffered from left shoulder pain and other related injuries as a result of receiving an influenza ("flu") vaccination on September 16, 2016. *See* Petition, ECF No. 1. On September 30, 2019, Petitioner filed a Motion to Dismiss claiming he would be unable to prove that he was entitled to compensation under the Vaccine Program and proceeding with the claim would be a "waste of the resources of the Court." *See* Motion to Dismiss, ECF No. 26. The undersigned entered her Decision dismissing Petitioner's claim for insufficient proof on October 1, 2019. *See* Decision, ECF No. 28.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On February 4, 2020, Petitioner filed a motion for attorney fees and costs. ECF No. 33 ("Fees App."). Petitioner requests total attorneys' fee and costs in the amount of $13,681.85, representing $13,235.10 in attorneys' fees and $446.75 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. ECF No. 27. Respondent responded to the motion on February 13, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requested that the Court "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 34. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.    Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although Petitioner's claim was eventually dismissed, the undersigned finds that the petition was filed in good faith, and that there was a reasonable basis to file it. Respondent also has not challenged the good faith or reasonable basis. Accordingly, a final reasonable award of attorneys' fees and costs in appropriate in this case.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Reasonable Hourly Rate

Petitioner requests the following rates of compensation for the work of his attorney, Mr. Max Muller: $275.00 per hour for work performed in 2016, $300.00 per hour for work performed in 2017, $317.00 per hour for work performed in 2018 and $325.00 per hour for work performed in 2019. Fees App. at 1. Petitioner also requests paralegal rates ranging from $125.00 per hour to $140.00 per hour, depending on the paralegal and the year the work was performed. *Id.* These rates are consistent with what Mr. Muller and Muller Brazil, LLP paralegals have been previously been awarded for their Vaccine Program work. Accordingly, no adjustment to the rates is necessary.

**b. Reasonable Number of Hours**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States,* 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and, upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $13,235.10.

**c. Attorney Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $446.75 in attorneys' costs. This amount consists of acquiring medical records and the Court's filing fee. Fees App. at 13. Petitioner has provided adequate documentation of all these expenses, and all are reasonable in the undersigned's experience. Accordingly, the requested costs shall be awarded in full.

**II.      Conclusion**

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $13,235.10 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$13,235.10** |
| | |
| Attorneys' Costs Requested | $446.75 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$446.75** |
| | |
| **Total Amount Awarded** | **$13,681.85** |

**Accordingly, the undersigned awards a lump sum in the amount of $13,681.85, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Maximillian Muller.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/ Katherine E. Oler
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.